IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS

THE UNITED STATES OF AMERICA

v.

Case No. 2019-MJ-73

LOUIE ISON MANGAMPAT,
Defendant.

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Tressa S. Aughburns, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of a criminal complaint charging Louie Ison Mangampat ("MANGAMPAT") with aggravated sexual abuse by force while within the special maritime and territorial jurisdiction of the United States, in violation of Title 18, United States Code, Section 2241(a).

2. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"). I am currently assigned to the San Juan Division at the St. Thomas Resident Agency in the United States Virgin Islands. I have been employed as a SA with the FBI since 2019. I graduated from the FBI Academy in February 2019.

3. As a federal agent, I am authorized to investigate violations of the laws of the United States and am a law enforcement officer with authority to execute warrants issued under the authority of the United States. During my employment with the FBI, I have received training on criminal investigations.

4.     This affidavit is intended to show only that there is sufficient probable cause for the aforementioned offenses and does not set forth all of my knowledge about this matter.

## APPLICABLE LAW

5.     Under Title 18, United States Code, Section 7(1), the special maritime and territorial jurisdiction of the United States includes: "The high seas, any other waters within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State, and any vessel belonging in whole or in part to the United States or any citizen thereof, or to any corporation created by or under the laws of the United States, or of any State, Territory, District, or possession thereof, when such vessel is within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State."

6.     The "high seas" is the open ocean—seas that lie seaward of a nation's territorial sea, which is the band of water that extends 12 nautical miles from its shores into the sea. *See United States v. Bevans,* 16 U.S. 336 (1818); *United States v. One Big Six Wheel,* 987 F. Supp. 169, 173 (E.D.N.Y. 1997), aff'd, 166 F.3d 498 (2d Cir. 1999).

7.     Title 18, United States Code, Section 2241(a), prohibits anyone "in the special maritime and territorial jurisdiction of the United States" from "knowingly caus[ing] another person to engage in a sexual act . . . by using force against that other person[.]" 18 U.S.C. § 2241(a)(1).

## PROBABLE CAUSE

8.     Based on ship logs, on or about Wednesday, September 25, 2019 at approximately 4 a.m., the Celebrity Equinox, a commercial cruise ship, was located at

2

approximately 21 degrees 57.3 minutes north latitude, 70 degrees 30.1 minutes west longitude. The nearest point of land was the Great Turk Island, which was approximately 40.5 nautical miles away. The Celebrity Equinox's most recent port of departure prior to approximately 4 a.m. on September 25, 2019 was Fort Lauderdale, Florida, with the next immediate port of arrival being on St. Thomas, USVI.

9. On or about Wednesday, September 25, 2019, an adult female ("A.V.") crew member of the Celebrity Equinox, reported being sexually assaulted by MANGAMPAT. The following is a summary of the events as relayed by A.V.:

   a. Sometime on or after 11 p.m. on September 25, 2019, A.V. and several others were gathered together in a cabin shared by MANGAMPAT and another male, E.M. By around 3 a.m., the crowd had died down and A.V., MANGAMPAT, and E.M. were the only ones remaining. Around that time, E.M. crawled into his bed and went to sleep. Before A.V. left, however, MANGAMPAT yanked her into the bathroom, where he locked her inside.

   b. Once MANGAMPAT had A.V. locked inside of the bathroom, he began groping her against her active resistance. Despite her attempts to block him from her body, MANGAMPAT inserted one or more of his fingers into A.V.'s vagina. MANGAMPAT then performed oral sex on A.V., and then inserted his penis into her vagina. At all times, A.V. attempted to fight the defendant off but she was overpowered and trapped in the tight confines of the bathroom.

3

    c. At some point after MANGAMPAT penetrated A.V., he attempted to have her perform oral sex on him. At that point, A.V. was able to break away from him by pushing MANGAMPAT. During this struggle, A.V.'s prescription glasses came off of her face.

    d. Once freed from the bathroom, A.V. woke up E.M. in tears and ran out of the room. A.V. ran to her friend's cabin, where she then relayed what had happened to her. A.V.'s friend called security and A.V. was escorted to the medical unit by female crew members, where she underwent a physical examination.

10. The attending physician noted that A.V.'s hymen had noticeable damage, to include blood. A.V. identifies as a lesbian and had never had sexual intercourse with a male prior to this incident.

11. Per company policy, MANGAMPAT provided the cruise line with a video recorded and handwritten statement in which he admitted having sex with A.V. but claimed that it was consensual.

12. Subsequently, and after being advised of and waiving his constitutional rights, MANGAMPAT agreed to an interview with me. During the interview, MANGAMPAT denied having ever had sexual intercourse with A.V. and claimed instead that the two had only kissed.

13. During an interview with E.M., E.M. stated that he had been asleep in his bed and was woken up by A.V. crying. E.M. asked A.V. what was wrong because she was crying. A.V. only used facial expressions to motion toward MANGAMPAT, who was still in the area of the bathroom. Once A.V. left the room, E.M. followed her, trying to find out why she was crying

4

but A.V. did not tell E.M. what happened. E.M. returned to his room to confront MANGAMPAT. MANGAMPAT told E.M. nothing happened, to go to bed and that they would see what happened in the morning.

14. Surveillance video captured A.V. leaving MANGAMPAT and E.M.'s cabin at 4:16 a.m.

15. MANGAMPAT is a citizen of the Philippines. MANGAMPAT is on a C1/D Visa, Crew Member in Transit.

16. Based on the above information, I have probable cause to believe that on or about September 25, 2019, on the high seas, MANGAMPAT committed aggravated sexual abuse by force, in violation of Title 18, United States Code, Section 2241(a)(1).

Respectfully submitted,

_____
TRESSA S. AUGHBURNS
Special Agent, FBI

Subscribed and sworn to before me
on September 27, 2019:

_____
RUTH MILLER